UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL ALDEN LEASH,<br><br>        Petitioner,<br><br>    v.<br><br>M. RUFF, BPH MEMBERS,<br><br>        Respondents. | Case No. 1:24-cv-01123 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S REQUEST FOR LEAVE TO AMEND, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THE CASE<br><br>(Doc. 5)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

    Neil Alden Leash is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting the Board of Parole Hearing "denied Petitioner due process rights by failing to use and apply the 'some evidence' standard at [his] hearing." (Doc. 1 at 2, emphasis omitted.) He reports that he filed a petition for writ of habeas corpus to the California Supreme Court, which summarily denied the writ without a reasoned opinion. (*Id.* at 2-3; *see also id.* at 7.)

    The magistrate judge performed a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 cases and determined that Petitioner's sole claim is "foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011)." (Doc. 5 at 2.) Therefore, the magistrate judge found Petitioner fails to state a cognizable habeas claim and

recommended the petition be dismissed. (*Id.* at 2-3.)

Petitioner filed timely objections to the Findings and Recommendations, asserting the Court has jurisdiction over his petition. (Doc. 6.) He maintains the parole board erred by not applying the "some evidence" standard and that the "federal district court need only decide whether the California judicial decision (upholding the finding) was an 'unreasonable application of the California 'some evidence requirement' or was based on an unreasonable determination of the facts in light of the evidence." (*Id.* at 3-4, quoting *Schoenfeld v. Marshall*, 2010 U.S. Dist. LEXIS 105466, *16-17 (C.D. Cal. July 6, 2010).) Petitioner notes he also asserted that his writ to the state court "was summarily denied w/o a Reasoned Opinion." (*Id.* at 1, quoting Doc. 1 at 3.) He requests leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure, to raise the state court's failure to issue a reasoned opinion as an additional ground for relief. (*Id.* at 1-2.)

The case upon which Petitioner relies was issued prior to *Swarthout v. Cooke*, 562 U.S. 216 (2011). Prior to *Swarthout*, the Ninth Circuit "held that federal courts within our circuit are to grant habeas relief if the California judicial decision upholding the denial of parole was based on an unreasonable application of that state's 'some evidence' requirement." *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011) (citing *Cooke v. Solis*, 606 F.3d 1206, 1216 (9th Cir. 2010).) Under this standard, courts were "required review of the propriety of a California state court's 'some evidence' determination." *Roberts*, 640 F.3d at 1046 (citing, *e.g.*, *Pearson v. Muntz*, 625 F.3d 539, 950 (9th Cir. 2010).) However, the Supreme Court reversed the Ninth Circuit's decision, holding that application of the "some evidence" standard was not required for due process in a parole hearing. *Swarthout*, 562 U.S. at 219-22. Rather, the Court must determine "whether the procedures followed by the State were constitutionally sufficient." *Id.* at 219. The Court's inquiry related to due process for a parole hearing requires considering whether the prisoner "was allowed an opportunity to be heard and was provided a statement of reasons why parole was denied." *Id.* at 220 (citation omitted.) This is "the beginning and the end of the federal habeas court's inquiry into whether [a prisoner] received due process." *Id.* Thus, the Supreme Court held that federal courts do *not* review the state court's decisions—or apply the "some evidence" standard— to petitions concerning due process for parole hearings. *Id.*

It is undisputed that Petitioner was allowed an opportunity to be heard—although he now suggests there was more Petitioner wanted to say—and received a list of reasons parole was denied. As the Supreme Court explained, this is "the beginning and the end" of the Court's review, because Petitioner received the due process required at a parole hearing. *See Swarthout*, 562 U.S. at 220. Consequently, Petitioner fails to show error by the magistrate judge in addressing the sole claim raised in his petition.

Furthermore, Petitioner fails to show leave to amend is appropriate. Allegations concerning "the state court's failure to issue a reasoned decision in response to [the] habeas petitions filed in state court… do not state a cognizable claim in federal habeas corpus." *Meyers v. Ahlin*, 2009 U.S. Dist. LEXIS 91254, at *5 (E.D. Cal. Sept. 30, 2009); *see also Swarthout*, 562 U.S. at 222 ("the relevant inquiry is what process [the prisoner] received, not whether the state court decided the case correctly"). Thus, Petitioner's proposed amendment would be futile, and his request for leave to amend is denied. *See Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021) ("Amendment is futile if the claim sought to be added is not viable on the merits); *Townsend v. Univ. of Alaska,* 543 F.3d 478, 485 (9th Cir. 2008) ("Leave to amend need not be granted ... where the amendment would be futile").

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. In addition, the Court declines to issue a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If the Court denies a petition, it may only issue a certificate of appealability when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In the present case, the Court finds Petitioner did not make the required "substantial showing of the denial of a constitutional right" to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.  Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 23, 2024 (Doc. 5) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. Petitioner's request for leave to amend is **DENIED**.
4. The Clerk of Court is directed to enter judgment and close the case.
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 18, 2024**

UNITED STATES DISTRICT JUDGE